# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2021-0425, <u>State of New Hampshire v. Stephen Girard</u>, the court on February 21, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). In October 2018, the defendant, Stephen Girard, appealed his convictions, following a jury trial in the Superior Court (<u>Delker</u>, J.), on charges of aggravated felonious sexual assault. <u>See</u> RSA 632-A:2 (2016 & Supp. 2023). The defendant argued, among other things, that the trial court erred by failing to disclose certain confidential records that it reviewed <u>in camera</u>.

In October 2020, we remanded this case because the trial court had not had the benefit of our opinion in <u>State v. Girard</u>, 173 N.H. 619 (2020), in which we clarified the standard that a trial court must apply when determining whether confidential records must be disclosed to a defendant. We remanded to allow the trial court: (1) to review the records in accordance with the clarified standard; (2) if it determined that any records that it withheld should have been disclosed in this case, to determine whether withholding the records was harmless beyond a reasonable doubt; and (3) if it determined that withholding the records was not harmless beyond a reasonable doubt, to grant the defendant a new trial.

In January 2021, after reviewing the records, the trial court issued an order "identif[ying] 8 additional pages in the records which may have any bearing on issues of witness credibility." These additional pages pertain to seven counseling sessions. Because the court was "unaware of the full scope of discovery produced in this matter," it found that it could not determine "based on the current state of the record whether the information contained in the confidential records is cumulative of other information available to the parties." Therefore, the court disclosed the eight additional pages to the parties for the limited purpose of "identifying how the newly disclosed records are relevant and material." In response, the defendant moved for a new trial due to the materiality of the information contained in the disclosed records. The State, in a responding memorandum of law, asserted that the additional records are immaterial. Further, the State argued, if the court found them to be material, the failure to release the records was harmless.

Following a hearing, the trial court issued a narrative order. As the court noted, although "[b]oth sides agree that the post-remand counseling records

were relevant and favorable to the defense," they contested "whether the information in those records is material." After reviewing the discovery available to the defense prior to the trial and analyzing each counseling session in detail, the court found, "[i]n light of the discovery available to the defense and the testimony at trial," that "the post-remand counseling records would not have materially affected the defense or undermined the confidence in the jury's verdict." The court concluded that "not only were the post-remand counseling records not material, the failure to disclose them is harmless beyond a reasonable doubt."

On appeal, the defendant raises two issues. First, he argues that the trial court erred because "there was a reasonable probability that disclosure of the records from four counseling sessions would have resulted in an acquittal" and, therefore, their non-disclosure prior to trial was not harmless beyond a reasonable doubt. Second, he asserts that the trial court "may have erred by failing to disclose other records" and requests that we review de novo "the undisclosed records to determine whether the [trial] court erred in failing to disclose any records."

We review a trial court's ruling on the management of discovery to determine whether its decision is sustainable. Girard, 173 N.H. at 627. When a defendant argues that a trial court's ruling is unsustainable, the defendant must demonstrate that the ruling was clearly unreasonable or untenable to the prejudice of his case. Id.

When reviewing records in camera, the trial court must determine if material and relevant evidence is in fact contained in the records. Id. at 628. We have recognized that "records containing general credibility evidence may be material and relevant thereby requiring disclosure." Id. at 629. However, as we stated in Girard,

> evidence "is material only if there is a reasonable probability that" disclosure of the evidence will produce a different result in the proceeding. United States v. Bagley, 473 U.S. 667, 682 (1985); see United States v. Agurs, 427 U.S. 97, 104 (1976) ("[I]mplicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial."); State v. Olah, 184 A.3d 360, 368-69 (Me. 2018) (requiring disclosure of privileged records that are "favorable to the accused and material to guilt or punishment" (quotation omitted)). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682.

Id. at 628-29.

After reviewing the records that were examined by the trial court, as well as the record of the trial court proceedings, we conclude that the defendant has

not demonstrated that the court's ruling was clearly unreasonable or untenable to the prejudice of his case. See id. at 627. Rather, the court sustainably exercised its discretion when it determined — in a well-reasoned and detailed order — that the records disclosed after remand were not material to the defendant's defense. Therefore, we need not address whether the failure to disclose those records was harmless error. Based on our further review, we also conclude that none of the undisclosed records contain information that is material and relevant to the defendant's defense. See id. at 630. Accordingly, we find no error.

Affirmed.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**
**Clerk**